IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
"EASTERN DIVISION"

TECHNOLOGY LICENSING CORPORATION,

Plaintiff(s),

Case No. 11-cv-7324

v.

ROSS VIDEO LTD.,

Defendant(s).

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Technology Licensing Corporation ("TLC") complains of Ross Video Limited ("Ross"), as follows:

**PARTIES, JURISDICTION AND VENUE**

1. This is a claim for patent infringement arises under the patent laws of the United States, including 35 U.S.C. §§271 and 281. Consequently, this Court has original subject matter jurisdiction over this suit pursuant to 28 U.S.C. §§1331 and 1338.

2. TLC is a Nevada corporation and has its principal place of business at 711 South Carson Street, Suite 6, Carson City, NV 89701.

3. Technology Licensing Corporation is the exclusive licensee of and has standing to sue for U.S. Patent Nos. RE 40,411E ("the '411 patent") (Exhibit A), an RE 40,412E ("the '412 patent") (Exhibit B), both entitled "Synchronizing Signal Separating Apparatus and Method," and having issue dates of July 1, 2008, and U.S. Patent No. 5,550,594 ("the '594 patent") (Exhibit C), entitled "Apparatus and Method for Synchronizing Asynchronous Signals," and having an issue date of August 27, 1996.

4. Ross is a Canadian corporation headquartered in Iroquois, Ontario, Canada, which has sales representatives throughout the United States, including in the state of Illinois.

5. Ross has sold or offered to sell products that infringe the '411, '412, and ‘594 patents within this judicial district, and has advertised the sale of such products in this judicial district.

6. Venue is proper in the District under 28 U.S.C. §§ 1391 and 1400(b) because a substantial part of the events giving rise to the claims at issue occurred in this District.

7. Ross is subject to the specific and general personal jurisdiction of this Court because, among other things, it has established continuous and systematic contacts with Illinois and with this judicial district, it has committed acts within Illinois and this judicial district giving rise to this action, and it has minimum contacts with the forum such that the exercise of jurisdiction over it would not offend traditional notions of fair play and substantial justice. For instance, Ross has established distribution networks placing products that infringe TLC’s patents into the stream of commerce such that those products flow into Illinois and this district.

**COUNT I**

**PATENT INFRINGEMENT**

8. The '411 patent is the reissue of U.S. Patent No. 5,754,250 (“the ‘250 patent”).

9. The '412 patent is the reissue of U.S. Patent No. 5,486,869 (“the ‘869 patent”).

10. Ross has made, used, sold, offered for sale, and/or imported products with synchronization signal separation capabilities, including, but not limited to, Ross’ ADC-8032A, ADC-8032A-S, ADC-8032B, ADC-8032B-S, ADC-8033A, and ADC-8033A-S products. These acts by Ross have directly infringed at least one claim of the ‘411 and ‘412 patents within the meaning of 35 U.S.C. §271(a).

11. Ross has committed and will continue to commit acts that constitute, with its knowledge of the ‘411, ‘412, and ‘594 patents, knowing and intentional inducement of infringement of at least one claim of the ‘411, ‘412, and ‘594 patents by others within the meaning of 35 U.S.C. §271(b) through, among other things, its acts of making, using, marketing, distributing, providing, testing, configuring, selling and/or offering to sell in the United States and/or importing into the United States products with synchronization signal separation capabilities, including at least Ross’ ADC-8032A, ADC-8032A-S, ADC-8032B, ADC-8032B-S, ADC-8033A, and ADC-8033A-S products. Ross’ customers who have used sold, offered for sale, and/or imported such products, including at least Ross’ ADC-8032A, ADC-8032A-S, ADC-8032B, ADC-8032B-S, ADC-8033A, and ADC-8033A-S products, directly infringe at least one claim of the ‘411, ‘412, and ‘594 patents within the meaning of 35 U.S.C. §271(a). Ross has knowingly induced such infringement with the intent to encourage such infringing use through providing instructions enabling such infringing use (e.g., instructing the infringing use of at least the ADC-8032A, ADC-8032A-S, ADC-8032B, ADC-8032B-S, ADC-8033A, and ADC-8033A-S products) after receiving notice of their actual infringement. (See Instruction Manuals for the ADC-8032, ADC-8033 families of products, Exhibit D).

12. Ross has also committed and will continue to commit acts that constitute with its knowledge of the ‘411, ‘412, and ‘594 patents, acts of contributory infringement of at least one claim of the ‘411, ‘412, and ‘594 patents within the meaning of 35 U.S.C. §271(c) through, among other things, its acts of making, using, marketing, distributing, providing, testing, configuring, selling and/or offering to sell in the United States and importing into the United States products with synchronization signal separation capabilities, including at least Ross’ ADC-8032A, ADC-8032A-S, ADC-8032B, ADC-8032B-S, ADC-8033A, and ADC-8033A-S products. Ross’ customers who have used sold, offered for sale, and/or imported such

products, including at least Ross' ADC-8032A, ADC-8032A-S, ADC-8032B, ADC-8032B-S, ADC-8033A, and ADC-8033A-S products, that directly infringe at least one claim of the '411, '412, and '594 patents within the meaning of 35 U.S.C. §271(a). Ross has further provided the accused ADC-8032A, ADC-8032A-S, ADC-8032B, ADC-8032B-S, ADC-8033A, and ADC-8033A-S products with knowledge of that they would be combined with other broadcast equipment (e.g., host modules) knowing that such a combination would infringe one or more claims of the '411, '412, and '594 patents. These Ross products further lack any substantial noninfringing use.

13. Ross has infringed the '411, '412, and '594 patents at least by using, importing, selling or offering to sell, and by inducing, aiding and abetting, encouraging or contributing to others' use of, among other products, products that fall within the scope of one or more claims of the '411, '412, and 594 patents, including, but not limited to, Ross' ADC-8032A, ADC-8032A-S, ADC-8032B, ADC-8032B-S, ADC-8033A, and ADC-8033A-S products.

14. As described above, on information and belief, Ross has in the past infringed, and continues to infringe directly, by inducement, and/or by contributing to the infringement of one or more claims of the '411 patent, including, but not limited to, claims 7, 9-14, 19-23, 25, 29, 31, 40-43, 52-56, 59-63, 65-69, 72-73, 78-79 and 82 by manufacturing, using, and selling such products. Further, as set forth above, Ross' customers have in the past and continue to infringe directly one or more claims of the '411 patent, including, but not limited to claims 7, 9-14, 19-23, 25, 29, 31, 40-43, 52-56, 59-63, 65-69, 72-73, 78-79 and 82.

15. On information and belief, Ross has in the past infringed, and continues to infringe directly, by inducement, and/or by contributing to the infringement of one or more claims of the '412 patent, including, but not limited to, claims 1, 4-6, 8-9, 12 and 39 by manufacturing, using, and selling such products. Further, as set forth above, Ross' customers

have in the past and continue to infringe directly one or more claims of the ‘412 patent, including, but not limited to claims 1, 4-6, 8-9, 12 and 39.

16. On information and belief, Ross has in the past infringed, and continues to infringe directly, by inducement, and/or by contributing to the infringement of one or more claims of the ‘594 patent, including, at least, claim 24 by manufacturing, using, and selling such products. Further, as set forth above, Ross’ customers have in the past and continue to infringe directly one or more claims of the ‘412 patent, including, but not limited to claim 24.

17. Ross has received notice of its infringement of the ‘594, '250, '869, '411 and '412 patents pursuant to 35 U.S.C. § 287.

18. Ross's acts of infringement have injured TLC, and TLC is entitled to recover damages adequate to compensate it for the infringement that has occurred, but in no event less than a reasonable royalty.

19. Ross's infringement will continue to injure TLC, unless and until such infringement is enjoined by this Court.

WHEREFORE, Plaintiff Technology Licensing Corporation, respectfully request judgment against Ross and its subsidiaries and affiliates as follows:

A. That Ross has infringed one or more claims of the ‘411 patent, including, but not limited to, claims 7, 9-14, 19-23, 25, 29, 31, 40-43, 52-56, 59-63, 65-69, 72-73, 78-79 and 82.

B. That Ross has infringed one or more claims of the ‘412 patent, including, but not limited to, claims 1, 4-6, 8-9, 12 and 39.

C. That Ross has infringed one or more claims of the ‘594 patent, including, at least claim 24.

D. An award of damages adequate to compensate TLC for the infringement that has occurred, together with prejudgment and post-judgment interest from the date infringement of the patents began and through the lifetimes of the respective patents;

E. Any other damages permitted, including any for willful infringement, under 35 U.S.C. §284;

C. A finding that this case is exceptional and an award to TLC of its attorneys' fees and expenses as provided by 35 U.S.C. § 285;

D. An injunction permanently prohibiting Ross and all persons in active concert or participation with it, from further acts of infringement of the patent; and

E. Such other and further relief as this Court or a jury may deem proper.

**JURY DEMAND**

Plaintiff TLC demands a trial by jury.

Dated: October 17, 2011

Respectfully submitted,

/s/ Paul C. Gibbons

Raymond P. Niro
Arthur A. Gasey
Paul C. Gibbons
Kara L. Szpondowski
NIRO, HALLER & NIRO
181 W. Madison, Suite 4600
Chicago, IL 60602
(312) 236-0733
Fax: (312) 236-3137
rniro@nshn.com
gasey@nshn.com
gibbons@nshn.com
szpondowski@nshn.com

Attorneys for Technology Licensing Corporation